967 F.2d 586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GUAM POWER AUTHORITY, Plaintiff-Appellant,
v.
The CIVIL SERVICE COMMISSION, et al., Defendants-Appellees,
and
Alfred L.G. Guerrero, Real party in interest-Appellee.
 No. 91-16091.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1992.
Decided July 6, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Guam Power Authority ("GPA") appeals the Appellate Division's affirmance of Guam Superior Court's grant of summary judgment in favor of the Civil Service Commission ("CSC") and Alfred Guerrero, real party in interest. GPA also appeals the Appellate Division's remand to the CSC for a hearing on the amount of Guerrero's backpay.
 
 
 3
 GPA raises three arguments on appeal: (1) the Rule of Four is invalid under 4 GCA § 4402; (2) the CSC's decision to invoke the Rule of Four is subject to judicial review and must be supported by substantial evidence; and (3) the CSC may not order an award of backpay because Guam did not waive its sovereign immunity with respect to monetary awards in the civil service context. We affirm.
 
 
 4
 * Section 4402, which governs the CSC's voting procedures, states that "[t]he quorum of the Commission shall be four (4) members. The vote of four (4) members shall be required for any action of the Commission. The Commission may adopt rules to govern its procedures." 4 GCA § 4402. The CSC interprets this section to require four concurring or affirmative votes before it may take any action. In situations where only a quorum is present and the vote is not unanimous, the CSC follows what it terms the Rule of Four: when the party with the burden of proof does not receive four votes for its position, the opposing party is entitled to a decision in its favor.
 
 
 5
 GPA argues that the Rule of Four misinterprets section 4402 because that section does not expressly contain either the word "affirmative" or "concurring." Therefore, GPA argues, section 4402 should be read to require only that four members actually vote, and that the CSC can take an action with three concurring votes.
 
 
 6
 We review the interpretation of Guam statutes de novo. See Guam v. Yang, 850 F.2d 507, 511 (9th Cir.1988) (en banc). We agree with the CSC's interpretation. First, the Rule of Four is based on the notion that 4 GCA § 4406 gives classified employees a right to a decision, be it favorable or unfavorable. Montvel-Cohen v. Gutierrez and Dep't of Parks and Recreation, Sup.Ct. SP No. 80-82 (1982). Second, if the Guam legislature intended for the CSC to act with less than four concurring votes, it would not have needed to add the second sentence; the first sentence makes it clear that at least four members must be present before the CSC may take any action. Third, the CSC's interpretation is supported by the common law rule that unless a statute provides otherwise, the majority of a quorum is sufficient to take action. F.T.C. v. Flotill Products, Inc., 389 U.S. 179, 183-84 (1967); see also 2 Am.Jur.2d. Administrative Law §§ 196, 199. Since section 4402 has a specific provision detailing how many members must vote to take action, it is apparent that the legislature intended the statute to be an exception to the common law.
 
 II
 
 7
 GPA next argues that under section 4406, the CSC's decision to dismiss the appeal and reinstate Guerrero is subject to judicial review for substantial evidence. The Superior Court rejected this argument, holding that:
 
 
 8
 [s]ince no findings can be issued from the Commission without four concurring votes, the court is therefore precluded from reviewing findings whenever an adverse action appeal is disposed of by the Rule of Fours. Although the court is troubled by this consequence, it is compelled to abide by the Rule of Fours as affirmed in Quinones.
 
 
 9
 The Appellate Division affirmed.
 
 
 10
 We find the Superior Court's reasoning persuasive. Since GPA did not carry its burden of proof, the CSC could not issue any findings. This absence precludes GPA from obtaining judicial review.
 
 III
 
 11
 Finally, GPA argues that the CSC may not order an award of backpay because Guam did not waive its sovereign immunity with respect to such awards. We disagree because we do not believe that the doctrine of sovereign immunity applies to grievance proceedings within a governmental agency. See Delaware Dep't of Health & Social Servs. v. United States Dep't of Educ., 772 F.2d 1123, 1138 (3d Cir.1985) (doubting, but not deciding, that the Eleventh Amendment applies to proceedings before arbitrators). Guam's inherent sovereign immunity protects it, as a sovereign, from suit without its consent. Marx v. Government of Guam, 866 F.2d 294, 298 (9th Cir.1989). Thus, sovereign immunity acts a jurisdictional limit on the courts.
 
 
 12
 This appeal, however, does not concern the power of a court to assert jurisdiction over a sovereign. The backpay award was ordered in a grievance proceeding by an administrative body of the Guamanian government. The issue here, then, is the power of an agency, which was set up by the sovereign to resolve employment disputes occurring within other governmental agencies, to award monetary damages in the form of backpay. Because the backpay award was given by the CSC in a grievance proceeding, and not by a court, sovereign immunity does not apply.[1]
 
 The judgment of the Appellate Division is
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Even if the doctrine of sovereign immunity applied in this situation, our holding would not change. The Guam government set up the CSC to resolve employment disputes occurring within other governmental agencies. Even more revealing, as the court noted below, in Public Health & Social Services v. Quinones, (D.Guam App.Div. No. 86-0088A), the Guam Legislature appropriated over $100,000 to pay for the judgment rendered in that case against an employer by the CSC. Given these two factors, the government has apparently given the CSC the power to issue backpay awards